# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LUIS SEBASTIAN TELLO,** | } |
| **Petitioner** | } |
| v. | } Case No. 4:20-CV-8037-RDP |
| **UNITED STATES OF AMERICA,** | } |
| **Respondent.** | } |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1). The motion has been fully briefed and is ripe for decision. (Doc. 1, 17). After careful review, and for the reasons discussed below, the motion is due to be denied.

**I.      Background**

On February 27, 2019, Petitioner was indicted and charged with two counts of carjacking in violation of 18 U.S.C. § 2119 and two counts of brandishing a firearm in violation of 18 U.S.C. § 924(c). (Doc. 17-1, p. 7-9) The indictment also charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.* at p. 9-10).

In August 2019, Petitioner signed a Guilty Plea Advice of Rights Certification and entered into a Binding Plea Agreement. (*Id.* at p.22-44). Petitioner pled guilty to two counts of carjacking and two counts of brandishing a firearm in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c) in exchange for the government's agreement to dismiss the felon in possession charge and to recommend a stipulated total sentence of 228 months imprisonment.

In his plea agreement, Petitioner acknowledged the following facts: On November 25, 2018, he pointed a pistol at a pizza delivery driver, told the driver to run, and drove away in the delivery driver's Suzuki Reno sedan. (Doc. 17-1, p. 30). That same day, Petitioner, armed with a pistol, approached the passenger of a parked Hyundai Tucson at a gas station and demanded the passenger get out of the vehicle. (*Id.*). The passenger and the driver, who had returned from inside the gas station, removed the children from the vehicle, and Petitioner drove away with the Hyundai. (*Id.*). Law enforcement clocked the Hyundai Tucson at 99 mph while traveling north on I-59 and began a pursuit that ended with the vehicle stopping on the shoulder of the interstate, Petitioner exiting the vehicle, and running into the woods. (*Id.* at p. 31). The officer received a dispatch broadcast that the vehicle was stolen at gunpoint, and other officers were called to the scene to perform a nighttime search for the suspect. (*Id.*). An officer standing on the side of the interstate later spotted Petitioner and took him into custody. (*Id.*). Petitioner was searched and a Taurus .380 semi-automatic pistol was found in his coat pocket. (*Id.*).

In November 2018, a Trussville Police detective conducted a recorded interview of Petitioner, and after waiving his *Miranda* rights, Petitioner admitted in detail to the robberies. (*Id.*). Petitioner had previously been convicted of the following felonies: Aiding and Abetting the Transportation of Illegal Aliens for Financial Gain; five counts of Third Degree Burglary; and numerous counts of Theft of Property in the First, Second, and Third Degree. (*Id.* at p. 32). Petitioner was aware at the time the crimes were committed that each were felonies carrying a potential punishment of more than twelve months imprisonment.

In his Guilty Plea Advice of Rights Certification, Petitioner acknowledged that his attorney explained the following to him in detail: (1) Petitioner's substantive rights, (2) the charges against him, (3) the possible penalties, (4) the contents of the plea agreement, and (5) what would occur

at the change of plea hearing. (Doc 17-1, p. 22-44). Petitioner also certified that he was satisfied with the representation of his attorney. (*Id.* at p. 42). Finally, Petitioner acknowledged that he was entering a guilty plea because he was in fact guilty of the crimes at issue. (*Id.* at p. 26).

On August 8, 2019, the court conducted a plea hearing. (Doc. 17-1). At that time, Petitioner again confirmed that he was satisfied with the representation and advice of his counsel. (*Id.* at p. 51). When the court explained the elements of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c) that the government would have to prove at trial, Petitioner affirmed that he understood each element of the charges. (*Id.* at p. 54-56). Later in the hearing, Petitioner confirmed that he was not threatened or coerced to plead guilty but did so because he was in fact guilty of the charges. (*Id.* at p. 66).

Petitioner pleaded guilty to Counts One through Four of the Indictment. The court found that Petitioner was fully competent and capable of entering an informed plea; that Petitioner was aware of the nature of both the charges against him and the consequences of his plea; that Petitioner entered a guilty plea supported by an independent basis of fact containing each of the essential elements of the offense; and that Petitioner entered the plea knowingly and voluntarily. (*Id.* at p. 70). On December 3, 2019, the court accepted the binding plea and sentenced Petitioner to a total of 228 months in prison. Count Five charging Petitioner with being a felon in possession was dismissed. The court also imposed a supervised release period of seven years. (*Id.* at p. 92). The judgment was entered on December 3, 2019. (*Id.*). Petitioner did not appeal his conviction or sentence. On November 25, 2020, Petitioner filed the pending motion alleging ineffective assistance of counsel. (Doc. 1).

**II.     Standard of Review**

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the

Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state facts supporting each ground. *See* Rules 2(b)(1)&(2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily '[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount only to conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

A claim of ineffective assistance of counsel is analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). *Grosssman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland's* two-part test, a petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted).

Petitioner must show that counsel's performance was deficient, falling outside the range of reasonably competent assistance. *Strickland*, 466 U.S. at 687. However, the court's scrutiny of counsel's performance is "highly deferential" with a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal quotation omitted). "The test has nothing to do with what the best lawyers would have

4

done. Nor is the test even what most good lawyers would have done. [The court asks] only whether some reasonable lawyer…could have acted, in the circumstances, as defense counsel acted[.]" *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion–though the presumption is not insurmountable–is a heavy one." *Chandler*, 218 F.3d at 1314.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Unless a petitioner satisfies both prongs of the *Strickland* inquiry, relief is denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite elements has not been met, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F. 3d 655, 660 (11th Cir. 1998).

Further, a petitioner bears an especially heavy burden when he collaterally attacks a sentence imposed on the basis of a guilty plea. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). Because dispositions by guilty plea must be "accorded a great measure of finality," "the representations of the defendant, his lawyer, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any

subsequent collateral proceedings." *Id*. (internal quotation omitted). When a petitioner makes statements under oath at a plea colloquy, the petitioner bears a heavy burden to show those statements were false. *Id.* at 1217. In fact, where "the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing only in the most extraordinary of circumstances." *Id.* at 1216 (internal quotation omitted). A prisoner may not successfully challenge his guilty plea through "[t]he subsequent presentation of conclusory allegations unsupported by specifics." *Id.* (internal quotation omitted). Indeed, such challenges are "subject to summary dismissal" without an evidentiary hearing. *Id.*

### III. Discussion

Petitioner filed his motion within one year of judgment becoming final, making his motion timely under 28 U.S.C. § 2255(f)(1). In his motion, Petitioner presents three arguments as to why his counsel was ineffective. (Doc. 1). Each argument is without merit.

Petitioner's first argument asserts ineffective assistance of counsel based on advice his appointed counsel gave him regarding his binding plea agreement. (Doc. 1). Specifically, Petitioner claims that counsel failed to advise him that (a) his plea to a § 924(c) count would enhance his sentence for future violations under the statute and (b) the $100 special assessment fees for Count One and Count Three prevented the sentences from "being fully concurrent." (Doc. 1, p. 4-6). Second, Petitioner asserts ineffective assistance of counsel based on his attorney's failure to object to and to initiate a notice of appeal based on the special assessment fees.[1] (Doc. 1, p. 9). Third, Petitioner alleges that his attorney was ineffective in allowing him to sign the plea

---

[1] Petitioner has not alleged, however, that he did not agree to the special assessment fees. Neither has Petitioner alleged that he expressed any desire to file a notice of appeal prior to this petition.

6

agreement. (Doc. 1, p. 12). The court understands this claim to assert that Petitioner's plea was neither intelligently nor voluntarily entered.

As the court explains below, Petitioner has not presented any plausible factual allegations that his counsel's representation was deficient in the context of his guilty plea. Further, Petitioner has not alleged facts showing a reasonable probability that, but for counsel's alleged unprofessional errors, he would not have pled guilty and would have insisted on going to trial. Petitioner's motion is therefore due to be denied.

### A.  Ground One – Ineffective Assistance of Counsel Based on Advice Concerning the Plea Agreement

Ground One of Petitioner's motion contains two allegations. (Doc. 1, p. 4-6). First, Petitioner claims that his counsel misled him into signing the plea agreement. Specifically, he alleges that his counsel failed to advise him that pleading guilty to a § 924(c) count would enhance his sentence for future violations of § 924(c). However, Petitioner has not provided specific factual allegations of how counsel's performance fell below the reasonably competent representation required by *Strickland*. He simply states that two convictions under § 924(c) on the record would increase any future sentences and claims he was misled to sign the binding plea agreement. Thus, because Petitioner fails to specifically allege how counsel's performance was deficient, he does not satisfy his burden under *Strickland* regarding this allegation.

Second, Petitioner claims that counsel failed to inform him of how the special assessment fees would affect his sentencing for Counts One and Three, alleging prejudice from a prison sentence that is not truly concurrent.[2] The government argues that Petitioner misunderstands the

---

[2] Petitioner also references "duplicity/multiplicity" in his petition. However, Petitioner has misconstrued being charged with two separate violations of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c) (equating to four counts) with being subject to Double Jeopardy. *See United States v. Stapleton*, 39 F.4th 1320, 1328 (11th Cir. 2022) ("An indictment is multiplicitous if it charges a single offense in more than one count. A multiplicitous indictment violates

law as applied under *U.S. v. McGuire*, 909 F.2d 440 (11th Cir. 1990). We agree. In *McGuire*, the Eleventh Circuit reviewed a similar claim by a defendant convicted of numerous drug charges. The defendant claimed that his special assessment fees for two counts "undid the concurrent sentence" yet cited no case law in making his allegations. *Id.* at 441. Relying on two prior decisions in which the Court affirmed cumulative assessments with a concurrent prison sentence[3], the Court affirmed the district court's application of the special assessment fees pursuant to 18 U.S.C. § 3013(a). *Id.* at 441-42. Like the defendant in *McGuire*, Petitioner's prison sentence is still concurrent despite the special assessment fees. Accordingly, Petitioner has not alleged specific facts that show, but for counsel's actions, he would not be subject to the special assessment fees. And, because Petitioner failed to provide specific allegations of how he was prejudiced by counsel's performance, he does not satisfy his burden under *Strickland*.

Petitioner's allegations under Ground One fail to state a claim of ineffective assistance of counsel under *Strickland*. Therefore, the Motion as to Ground One is due to be summarily denied without an evidentiary hearing.

B.    **Ground Two – Ineffective Assistance of Counsel for Failure to Object and Appeal the Special Assessment Fees**

In Ground Two, Petitioner alleges ineffective assistance of counsel based on the special assessment fees discussed above. (Doc. 1, p. 9-10). Petitioner claims that, because of the concurrent prison sentence, his counsel should have objected to the inclusion of the special assessment fees on his prison sentence or, in the alternative, filed a notice of appeal based on these same fees. However, as mentioned, the special assessment fees do not change the concurrent nature

---

double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense.") (quoting *United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017)).

[3] *United States v. Robinson*, 897 F.2d 1092, 1097 (11th Cir. 1990); *United States v. Cooper*, 870 F.2d 586 (11th Cir. 1989).

8

of the Petitioner's prison sentence. And, the court carefully explained to Petitioner that each count of the conviction carries with it a separate $100 assessment fee. (Doc. 17-1, p. 62-63). In addition, Petitioner acknowledged in his Binding Plea Agreement (*Id.* at p. 35) and during his plea hearing (*Id.* at p. 61), by signing the plea agreement, he waived his right to appeal his conviction and sentence absent specific circumstances.

At his plea hearing, the court explained to Petitioner that he was not required to plead guilty:

> "THE COURT: Mr. Tello, we're near the end of the hearing. We've taken this time to go over a number of things here with you today. I am prepared to accept your guilty plea. I am prepared to make the findings necessary to do that. Before we get there, there's two important things, though, we need to cover. First, you're not required to plead guilty. You understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Even though you've signed a plea agreement, even though we've gone through this hearing, you still have the right, if you wish to do so, to withdraw your guilty plea, reinstate your not guilty plea to each of these charges. And if you do that, we'd set this case for trial and see if the government can prove these allegations against you beyond a reasonable doubt. Understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Now, having said that, if you enter a guilty plea today to these four charges, even though it would be conditioned upon my accepting the plea agreement, you would no longer be able to go back and change your mind about your guilty plea unless I rejected the plea deal that you've entered into with the government. Understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: In other words, that's the only reason you'd be able to go back and change your mind and go to trial is if I said no, 228 months is not a sufficient sentence in this case. Understand that?
>
> THE DEFENDANT: Yes, Your Honor."

(Doc. 17-1, p. 68-69). After this explanation was given to him, Petitioner stated under oath that he was ready to go forward with his guilty plea:

9

> "THE COURT: Any questions about anything we've gone over today?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Are you ready to go forward with your plea today?
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT: Have you heard and understood everything that's taken place in open court?
>
> THE DEFENDANT: Yes, Your Honor."

(*Id.* at p. 69).

Petitioner provides no specific allegations of how counsel's performance was deficient or prejudicial, and thus fails to satisfy his burden under *Strickland*. Therefore, Ground Two is due to be summarily denied without an evidentiary hearing.

### C. Ground Three – Ineffective Assistance of Counsel For Petitioner's Alleged Unintelligent and Involuntary Plea

Petitioner claims in Ground Three that counsel was ineffective for allowing Petitioner to unintelligently and involuntarily sign the plea agreement. (Doc. 1, p. 12-17). Within the long narrative included in the Ground Three, Petitioner makes several allegations as to why his guilty plea was unlawfully induced and not made voluntarily. Petitioner claims the following facts coerced him into signing the plea agreement: the officers present during Petitioner's confession stated that charges would be worse if Petitioner did not talk to them; counsel did not provide the confession[4] that the government claimed to possess; counsel told Petitioner that he had no defense to oppose the confession; and counsel promised Petitioner to have one of the § 924(c) charges dropped but failed to do so.

---

[4] Petitioner references a "video recording" of his confession. (Doc. 1, p. 15-17). However, as the government notes in its Response, the only confession that exists is an audio recording. (Doc. 17, p. 7). This discrepancy does not affect the substance of Petitioner's allegations nor the court's decision.

Petitioner has not made any specific factual allegations that would entitle him to relief of any kind. In his Binding Plea Agreement, Petitioner agreed to the facts as stated by the government and acknowledged that he entered his plea without threat, force, or inducement. (Doc. 17-1, p. 42-43). During his plea hearing, Petitioner confirmed this acknowledgment under oath during the colloquy with the court. Specifically, Petitioner confirmed that (1) he was satisfied with the representation and advice of counsel (Doc. 17-1, p. 51); (2) he understood each element of the charge (*Id.* at p. 56); (3) he knew and understood the effect of pleading guilty and the sentencing process after the court's explanation (*Id.* at p. 59-65); (4) he was not threatened or coerced to plead guilty but did so because he was in fact guilty of the charges (*Id.* at p. 66); and (5) there were no other factors that would cause him to reconsider his guilty plea (*Id.*).

Ground Three of the petition includes mere conclusory assertions unsupported by specific factual allegations. Further, Petitioner has not made any contention that substantiates his claims of deficiency or prejudice under *Strickland*. Therefore, Petitioner fails to meet his burden for collaterally attacking his plea agreement, and thus, Ground Three is due to be summarily denied without an evidentiary hearing.

**IV.   Conclusion**

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is due to be denied. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this August 30, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE